UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY LYNN KERREOS

        Plaintiff,

v.

                                        Case No. 10-14935

COMMISSIONER OF SOCIAL SECURITY,      Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This case pertains to a challenge by the Plaintiff, Tammy Lynn Kerreos, to the entry of a final decision that had been rendered by the Defendant, Commissioner of Social Security, regarding her unsuccessful application for social security income disability benefits. Subsequent to the filing of the complaint, the parties filed respective motions for the entries of summary judgment: Kerreos (on April 29, 2011), and the Commissioner (on July 27, 2011). (ECF 8 and 10).

Several months later (on November 10, 2011), Magistrate Judge Mona K. Majzoub, to whom the parties' dispositive motions were assigned for an evaluation, issued a report, in which she recommended that the Court (1) grant the Commissioner's motion, and (2) deny Kerreos' application for relief. In making these recommendations, Magistrate Judge Majzoub found that there was substantial evidence in the record to support the administrate law judge's decision.

Currently before the Court are the parties' cross-motions for summary judgment, as well as Magistrate Judge Majzoub's report, including her recommendations.

I.

Kerreos has an extensive history of treatment for bipolar disorder. On December 22, 2003, Kerreos sought the aid of the Catholic Family Services of the Diocese of Saginaw ("CFS") for treatment and counseling. (Admin. Rec. 167). On Kerreos' intake form, she reported that her life was in a stage of upheaval (i.e., inadequate housing, working fewer hours, and strained familial relationships) *id.* at 172. The CFS intake form also recorded that Kerreos suffered from bouts of depression, as well as substance abuse and grief issues. *Id.* at 176. On April 27, 2004, the CFS terminated its relationship with Kerreos because of her failure to attend scheduled appointments and/or to return calls. *Id.* at 167.

On August 31, 2006, Kerreos, feeling suicidal, caused herself to be admitted to a hospital for the treatment of her depression. *Id.* at 177. On the same day of her admission, Kerreos - despite her denials of having substance abuse problems - tested positive for marijuana and cocaine. *Id.* Approximately one year later (October 24, 2007), she began a treatment regime with Dr. Arvind Kumar who, after conducting a psychiatric evaluation, concluded that she had a bipolar mood disorder, alcohol and marijuana abuse issues, along with dependent and borderline character traits, acid reflux disease, as well as a history of alcohol and tobacco abuse. *Id.* at 247. Dr. Kumar recommended medication and supportive psychotherapy. *Id.*

Between the fall months of 2007 and the following summer, Kerreos continued her treatment with Dr. Kumar who reiterated his desire that she reduce her alcohol consumption and keep up with her current medications and therapy. *Id.* at 243. On October 1, 2008, Kerreos met with her physician for a medication review of her condition, *id* at 300, which reflected that she had missed the last four months of her appointments. *Id.*

On December 29, 2009, Dr. Malik completed a Medical Source Statement (Mental) for the Kerreos. *Id* at 339. It is not clear from the record how often she was treated by Dr. Malik. However, on the basis of this Medical Source Statement, he noted that Kerreos was (1) markedly or moderately limited in various criteria, and (2) "mildly" limited due to "drug addiction or alcoholism." *Id*.

II.

Noting that Kerreos has a long history of bipolar disorder and substance abuse issues, the administrative law judge ultimately concluded that, although these medical problems could be viewed in isolation as a compensable disability, she was not entitled to social security benefits because, in essence, her substance abuse was a significant contributing factor when assessing her quest for disability payments. In the opinion of the administrative law judge, Kerreos - when coupled with her bipolar and substance abuse problems - would incur (1) only mild limitations in three functional areas of testing, and (2) no limitation in the fourth area if she stopped her substance abuse. Finally, the administrative law judge opined that there were jobs within the national economy which could be performed by Kerreos if her substance abuse issues were not considered. As a result, the administrative law judge concluded that Kerreos' request for benefits should be denied.

III.

Under 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. However, a judicial review is limited to determining if the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining the existence of substantial evidence, the Court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Humans Servs.*, 667 F.2d 524, 536 (6th Cir.1981). If the Commissioner's

decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would have decided the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir.1983).

Magistrate Judge Majzoub, following her review of the record, found that there was a substantial amount of evidence in the record to support the challenged administrative law judge's decision. In particular, Magistrate Judge Majzoub concluded that drugs and alcohol did have a significant impact upon Kerreos. Thus, it was her recommendation that the Court should (1) grant the Commissioner's dispositive motion, and (2) deny Kerreos' application for relief. In its review of the administrative record, this Court has come to the same conclusion.

Finally, the Court, upon its review of the official record, finds that Kerreos did not register any objections to the report by Magistrate Judge Majzoub which, in turn, constitutes a waiver of any further right of appeal. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140 (1985).

Accordingly, this Court adopts Magistrate Judge Majzoub's report in its entirety. (ECF 12) Kerreos' motion for summary judgment is denied. (ECF 8). The Social Security Commissioner's motion for summary judgment is granted. (ECF 11).

IT IS SO ORDERED.

Date: March 27, 2012  
s/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 27, 2012.

s/ Kay Doaks  
Case Manager